IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA      )

                                   )

          v.                 )              No.  3:03-cr-101

                                   )

RODOLFO BORJA TORRES      )


## MEMORANDUM AND ORDER


This matter came before the court for defendant's sentencing on January 24, 2006.  During the course of that hearing, the court denied defendant's written motion to withdraw guilty plea which was filed earlier that day [*see* Doc. 909].  This memorandum and order shall serve to clarify further the court's reasoning.[1]


"The withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court."  *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987) (internal citation and quotation marks omitted).  In order to withdraw a guilty plea before sentencing, a defendant must

---

[1]The court also states for the record that during the course of the sentencing hearing, the defendant made no reference whatsoever to his motion to withdraw the guilty plea.  The court stood ready, willing and able to hear any statement or representation which the defendant wished to make about this matter;  however, for whatever reason, the defendant remained silent on this issue.

"show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The purpose of Rule 11(d) "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (internal citation and quotation marks omitted). Moreover, the defendant carries the burden of proving that vacating the plea would be justified. *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998).

In the Sixth Circuit, the district court is required to consider the following factors when faced with such a motion:

1.      The amount of time that elapsed between the plea and the motion to withdraw it;

2.      The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

3.      Whether the defendant has asserted or maintained his innocence;

4.      The circumstances underlying the entry of the guilty plea;

5.      The defendant's nature and background;

6.      The degree to which the defendant has had prior experience with the criminal justice system; and

2

> 7. Potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashari*, 27 F.3d 1174, 1181 (6th Cir. 1994).

As to the first and second factors (regarding time lapse and valid reason), the record reflects that the defendant pled guilty to the pending charges on February 7, 2005, and did not seek to withdraw the guilty plea until the very day of his sentencing, January 24, 2006 - almost a one-year time lapse. The Sixth Circuit has approved denial of the withdrawal motions under circumstances involving much shorter time lapses. *See, e.g., United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67-day delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55-day delay); *United States v. Spencer*, 836 F.2d at 239 (35-day delay); *see also United States v. Thompson*, 680 F.2d 1145, 1151 (7th Cir. 1982) (noting motions to withdraw made on the eve of sentencing hearing are disfavored). Furthermore, the defendant has provided no reason at all for his delay in requesting withdrawal. The defendant indicates, through counsel, that he wishes to withdraw his guilty plea based on his bald assertion that his attorney and his interpreter "coerced" him into pleading guilty [*see* Doc. 909, p.2]. However, any such coercion would have occurred almost a year ago, and defendant offers no explanation for his failure to bring this matter to the court's attention any earlier.

3

Additionally, the court feels compelled to make a couple of observations regarding defendant's attorney, Angela R. Morelock, given the serious accusation against her as it pertains to her coercing the defendant to plead guilty. First, there is absolutely no evidence in this record of any such behavior by Ms. Morelock. To the contrary, the record indicates that Ms. Morelock has been extremely patient with her client and put no pressure on her client to plead guilty. In fact, this defendant was the last of the more than 40 defendants to plead guilty. Ms. Morelock also indicated to this court on many occasions that a guilty plea would not be forthcoming and that the government should be prepared to try this case as scheduled on March 1, 2005. It was indeed a surprise to the court when the defendant indicated an interest in pleading guilty in late January 2005. Second, unlike some attorneys who regularly practice in this court, Ms. Morelock is not the least bit reluctant to put the government to trial. Approximately two years ago, Ms. Morelock represented one of the few defendants to proceed to trial in a gang-related drug conspiracy, *United States v. Walter Williams, et al.*, 3:02-cr-78. Well over a dozen other defendants pled guilty in that case; yet, Ms. Morelock and her client, as well as two other defendants, proceeded to trial for approximately three weeks. Thus, Ms. Morelock's prior record with this court does not indicate that she has ever coerced a defendant into pleading guilty. Nor is there any evidence she did so in this case.

4

Regarding the third factor, defendant has not asserted his actual innocence; rather, the defendant argues that he now wants to hear what proof the government has against him, and he did not intend to plead guilty until that occurred. Nevertheless, a careful review of the transcript of the defendant's guilty plea [*see* Doc. 908] indicates that, after some initial reluctance regarding the signing of the original plea agreement, he pled guilty to counts one and two of the indictment without any hesitation whatsoever. Furthermore, the defendant signed a three-page factual basis outlining his involvement in the drug conspiracy [*see* Doc. 721], and the court specifically asked him about that factual basis during his change of plea [*see* Doc. 908, pp.5-6]. Thus, this factor does not cut in favor of the defendant.

As to the fourth factor, the court is persuaded, again after reviewing the transcript of the change of plea hearing, that the defendant entered a knowing and voluntary guilty plea, and that his guilty plea satisfied all of the requirements of Rule 11. There is nothing surrounding this defendant's guilty plea, and certainly nothing about this defendant's personality, to suggest to the court that he made an improvident or rushed decision. As noted earlier, this defendant waited to enter his guilty plea until after every other defendant did so in this large drug conspiracy. This reluctance did not necessarily arise out of the fact that the defendant was innocent of these charges, as he now intimates. Instead, it indicates that he made a poor tactical decision by waiting so long to do so, and he now regrets that delay because

5

other defendants - who pled sooner - may have received, in his view, a "bigger break" at sentencing. Consequently, the fourth factor does not assist the defendant in carrying his burden of proof on this motion.

The fifth and sixth factors are the only ones which arguably help the defendant. The defendant's record does not indicate extensive experience with the criminal justice system. He was charged with the attempted smuggling of aliens in 1997 by the INS, but that appears to be the only charge against him prior to the instant offenses. Nevertheless, the fact that the fifth and sixth factors may weigh in his favor is not enough to carry the day.

Finally, because the defendant has not carried his burden of proof with respect to the first six factors, the court is not required to consider any prejudice to the government. *See United States v. Triplett*, 828 F.2d 1195, 1198 (6th Cir. 1987).

In sum, based on the record before it, the court is confident that the defendant knew precisely what he was doing at the time he entered his plea, and that he did so voluntarily. To allow the defendant to withdraw his plea under the facts and circumstances of this case would allow him to convert his guilty plea and then the withdrawal of that plea "into something akin to a move in a game of chess," which is not to be tolerated by a district court. *See United States v. Hyde*, 520 U.S.

670, 677 (1997). It must be remembered that "a guilty plea is a grave and solemn act to be accepted only with care and discernment ... ." *Brady v. United States*, 397 U.S. 742, 748 (1970). In this case, that is precisely how the court accepted this defendant's guilty plea nearly a year ago. The court therefore soundly rejects defendant's purely tactical move to withdraw his guilty plea on the day of sentencing.

ENTER, *nunc pro tunc*, January 24, 2006.

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE