UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| RODOLFO BORJA TORRES | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cr-101 |
| | ) | 3:07-cv-035 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Rodolfo Borja Torres ("petitioner"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, 500 grams or more of methamphetamine, and five kilograms or more of cocaine hydrochloride (count one); and conspiracy to commit

2

money laundering (count two). He was sentenced to concurrent terms of imprisonment of 168 months as to each count. Petitioner did not appeal his sentence. In support of his § 2255 motion to vacate sentence, petitioner claims he received ineffective assistance of counsel because his attorney failed to fail a notice of appeal.

III.  Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

3

defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that his attorney failed to file a notice of appeal. He specifically alleges as follows:

> After the district court imposed the 168-month term of imprisonment to petitioner on January 24, 2006. Petitioner requested his counsel regarding the feasibility of an appeal due of the improper enhancement that was imposed at the sentencing for an aggravating role in the offense. Counsel told petitioner that she would came to visit him at the attorney's visit room downstairs in the federal building. Ten minutes later counsel appeared at the attorney's room where both had discussions over counsel to file a notice of appeal on petitioner's behalf. After counsel agreed with petitioner that the sentence was excessive based on the improper enhancements for which petitioner did not admit nor were found beyond a reasonable doubt by a jury. Then, counsel made a hand written notice of appeal for petitioner to file himself. [See Exhibit A] Unfortunately, the time had passed to file a notice of appeal within the ten days pursuant to Fed.R.App.P. 4(b)(1)(A) and no appeal was taken on behalf of petitioner even though he directed his counsel to do so.

[Criminal Action No. 3:03-cr-101, Court File No. 967, Supporting Memorandum, pp. 1-2 (grammatical errors in original)]. A copy of the handwritten Notice of Appeal is attached as

4

Exhibit A to the Memorandum; the notice bears the style of case and a signature line for petitioner to sign *pro se*.

The Supreme Court has held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). *See also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment"). As the Sixth Circuit has emphasized, however, "a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

In this case, based upon petitioner's own allegations and the attached handwritten notice of appeal, it is clear that petitioner and counsel discussed the feasibility of an appeal; that petitioner was aware his attorney would not pursue the appeal; and that, should petitioner wish to pursue an appeal, he would be proceeding *pro se*. Although ordinarily counsel would file the notice of appeal, the record indicates the likely reason why that was not so in this case. On the morning of sentencing, petitioner filed a motion to withdraw his guilty plea based upon the allegation that counsel coerced him into pleading guilty. The court denied the motion, finding no evidence whatsoever to support petitioner's "bald assertion" of coercion. [Criminal Action No. 3:03-cr-101, Court File No. 911, Memorandum and Order,

5

pp. 3-4]. Having made such an allegation against counsel, it is likely that petitioner wished to proceed *pro se* on appeal.

Petitioner does not state why he failed to file the *pro se* notice of appeal within the time required. He met with his attorney soon after sentencing and while still in the federal courthouse. At the conclusion of the sentencing hearing, the court had advised petitioner he had ten days within which to prepare and file a notice of appeal. [Court File No. 3:03-cr-101, Court File No. 1000, Transcript of Sentencing Hearing, p. 8]. Nevertheless, petitioner's failure to timely file the notice of appeal does not reflect on his attorney's conduct.

Under the circumstances, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard. *See Higbee v. United States*, 20 Fed.Appx. 465, 466 (6th Cir. Sept. 26, 2001) (Petitioner cannot demonstrate ineffective assistance of counsel where he and his counsel consulted about filing a direct appeal, and petitioner knew after the meeting "that counsel was not going to proceed with the appeal and that he, should he wish to pursue the matter, would be proceeding pro se.").

IV.  Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

6

Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>
United States District Judge